IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TIM RAY SACORA, individually and as the representative for the class of persons alleging injuries under pre-release policies pursuant to 18 U.S.C. § 3624(c), | CV. 08-578-MA <br><br> OPINION AND ORDER <br> CLASS ACTION ALLEGATION |
|             Petitioner, <br>    v. | |
| J.E. THOMAS, Warden, FCI Sheridan, | |
|             Respondent. | |

STEPHEN R. SADY
Chief Deputy Federal Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

DAVID F. SUGERMAN
520 S.W. Sixth Avenue, Suite 920
Portland, OR 97204

     Attorneys for Petitioner

KENT S. ROBINSON
Acting United States Attorney
District of Oregon
SUZANNE A. BRATIS
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

     Attorneys for Respondent

1 - OPINION AND ORDER

MARSH, Judge

Larry L. Beaman and Todd Sonobe, inmates at FCI Sheridan, move to intervene and be named class representatives in the class action currently being pursued by petitioner Tim Ray Sacora. For the reasons that follow, the motion to intervene is GRANTED and Beaman and Sonobe are named class representatives.

## BACKGROUND

The parties are familiar with the factual and legal issues presented in petitioner Sacora's amended habeas petition and I will not unnecessarily repeat them here. Petitioner Sacora sought certification of a class of inmates at FCI Sheridan concerning community corrections placement. Sacora challenges certain Bureau of Prisons (BOP) policies following the amendment of 18 U.S.C. § 3624(c), known as the Second Chance Act, which increased an inmate's eligibility for placement in a residential reentry center (RRC) from six months to twelve. Additionally, Sacora sought to challenge RRC placement policies prior to the final months of an inmate's sentence under 18 U.S.C. § 3621(b) and a BOP November 14, 2008 Memorandum.

On December 3, 2009, I granted in part and denied in part Sacora's class certification request. (Order, #35.) In so doing, I concluded that Sacora had alleged an injury under BOP policies at the end of his term under § 3624(c) and satisfied the necessary

requirements of Rule 23. However, I determined that petitioner Sacora had not sufficiently alleged an injury under § 3621(b) concerning RRC placements prior to the final portion of an inmate's sentence. Therefore, I denied class certification of petitioner's claims concerning § 3621(b) and the November 14 Memorandum, and certified a class defined as follows:

> All federal prisoners serving sentences in the District of Oregon who have been denied or will be denied community corrections placement in excess of six months under 18 U.S.C. § 3624(c), pursuant to the Bureau of Prisons April 14, 2008 Memorandum, Program Statement 7310.04 and 28 C.F.R. § 570.20 *et seq*.

In the Order, I granted petitioner Sacora leave to amend his operative pleading to allege an injury he suffered under § 3621(b) and the November 14 Memorandum, or alternatively, to identify additional class representatives who could allege such injury. This motion to intervene filed by Beaman and Sonobe followed.[1]

## DISCUSSION

I.   INTERVENTION.

Inmates Beaman and Sonobe move to intervene as a matter of right pursuant to Fed. R. Civ. Pro. 24(a)(2), or alternatively, seek permissive intervention under Rule 24(b). Respondent contends that Beaman and Sonobe have not demonstrated that their claims under 18 U.S.C. § 3621(b) are necessarily impaired by a ruling on

---

[1] Beaman and Sonobe are petitioners in pending actions before this court. Beaman v. Thomas, CV 08-492-MA and Sonobe v. Thomas, CV 08-560-MA.

issues related to 18 U.S.C. § 3624(c), and opposes intervention under Rule 24(a). However, respondent does not oppose intervention under Rule 24(b). Because permissive intervention is unopposed and Beaman and Sonobe clearly meet that standard, this court confines its analysis to Rule 24(b).

**A.   Permissive Intervention.**

The court may allow permissive intervention under Rule 24(b) when: (1) the movant shows an independent ground for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense and the main action have common questions of law or fact. Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998); Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 836 (9th Cir. 1996); Garza v. County of Los Angeles, 918 F.2d 763, 777 (9th Cir.), cert. denied, 498 U.S. 1028 (1991). Additionally, the decision to grant or deny intervention under Rule 24(b) is discretionary and subject to the considerations of equity and judicial economy. Garza, 918 F.2d at 777; Venegas v. Skaggs, 867 F.2d 527, 530 (9th Cir. 1989), aff'd, 495 U.S. 82 (1990). In exercising its discretion, the court must consider whether permitting intervention will cause undue delay or prejudice to the existing parties. Fed. R. Civ. P. 24(b)(3).

**1.   independent ground for jurisdiction and timeliness.**

I conclude that Beaman and Sonobe have sufficiently alleged an independent ground for jurisdiction under 28 U.S.C. §§ 2241, 1331

4 - OPINION AND ORDER

and 1343. I also conclude that the motion to intervene is timely. The motion was filed within three weeks of this court's December 3, 2009 Order on class certification.

**2. common questions of law and fact.**

Sacora, Beaman and Sonobe all contend that the BOP's rules and policies violate 18 U.S.C. §§ 3621(b) and 3624(c), and the Administrative Procedure Act. Similarly, Sacora, Beaman and Sonobe all contend that the BOP's policies create a presumptive six-month RRC placement and seek declaratory and injunctive relief. I conclude that Beaman and Sonobe have demonstrated a significant number of common legal and factual issues. See Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1010-11 (9th Cir. 2002).

As suggested in the December 3 Order, and as the parties have recognized, efficiency and judicial economy are advanced by resolving the merits of these claims in a single action. There is no evidence to suggest that permitting intervention will cause delay or prejudice Sacora's interests–indeed, the motion is unopposed. Kootenai, 313 F.3d at 1111 n.10; Fed. R. Civ. P. 24(b)(3). Accordingly, Beaman and Sonobe's motion to intervene pursuant to Rule 24(b) is granted.

**II. CLASS REPRESENTATIVES.**

In their motion to intervene, Beaman and Sonobe also request that they be certified as class representatives on behalf of a class which would include claims under § 3621(b) and the November

5 - OPINION AND ORDER

14 Memorandum. In order to serve as class representatives, Beaman and Sonobe must satisfy the requirements of Rule 23. <u>Rodriquez v. Hayes</u>, --- F.3d —, 2010 WL 6394, *11 (9th Cir. Jan. 4, 2010). This court also must be satisfied that Beaman and Sonobe have the requisite "personal stake in the outcome" in order to adequately protect the interests of the class as a whole. <u>O'Shea v. Littleton</u>, 414 U.S. 488, 494 (1974); <u>see also</u> <u>Armstrong v. Davis</u>, 275 F.3d 849, 860 (9th Cir. 2001), <u>cert. denied</u>, 537 U.S. 812 (2002); Fed. R. Civ. Pro. 23(a). Respondent does not contest the ability of Beaman and Sonobe to serve as class representatives.[2]

### A. Standing.

In his amended petition, Beaman has sufficiently alleged an injury under the BOP's November 14, 2008 Memorandum and the BOP's policies under § 3621(b). Beaman alleges that his projected release date is January 20, 2016. (Beaman Amended Petition, (#19) ¶ 3.2) Beaman contends that during a program review on March 20, 2008, he requested a transfer to community placement and was told that he would not be considered for such a placement until he was 13 to 15 months from his projected release date. (<u>Id.</u> at ¶ 3.5.) Beaman further alleges that he has renewed his request for a

---

[2]Beaman and Sonobe have incorporated by reference the supporting briefing filed by Sacora in support of class certification. To avoid unnecessary repetition, this court references and relies upon its December 3 Order.

transfer to community corrections under the November 14, 2008 Memorandum. (Id. at ¶ 3.6.)

Sonobe's amended petition contains nearly identical allegations. Sonobe alleges that his projected release date is October 15, 2014. (Sonobe Amended Petition, (#21) ¶ 3.2.) Sonobe contends that during a March 20, 2008 program review, he requested a transfer to community placement and was told that he would not be considered for such a placement until he was 13 to 15 months from his projected release date. (Id. at ¶ 3.4.) Sonobe also alleges that he renewed that request under the November 14 Memorandum. (Id. at ¶ 3.5.)

Beaman and Sonobe's pleadings sufficiently allege injuries they have suffered from the BOP's application of the November 14 Memorandum. Additionally, they have sufficiently alleged injuries resulting from the BOP's refusal to exercise its discretion to place them in community corrections prior to the final months of their sentences under § 3621(b). Accordingly, I conclude that Beaman and Sonobe have standing to challenge the November 14 Memorandum and the BOP's actions pursuant to § 3621(b). Armstrong, 275 F.3d at 861, 864. Thus, I turn to address whether they have satisfied the requirements of Rule 23.

**B.  Rule 23(a).**

A class action may be maintained only if the party seeking certification demonstrates the requirements of numerosity,

7 - OPINION AND ORDER

commonality, typicality, and that the named representative will adequately protect the interests of the class as a whole. Fed. R. Civ. P. 23. I conclude that the elements of numerosity, commonality and typicality are satisfied for the reasons set forth in my December 3rd Order. I address the adequacy of representation separately.

I have concluded petitioner Sacora is an adequate representative for those members of the class seeking to challenge the BOP's pre-release RRC placement policies pursuant to § 3624(c). I now conclude that Beaman and Sonobe are adequate representatives for those members of the class seeking to challenge the BOP's RRC placement policies prior to the final months of their sentences pursuant to § 3621(b).[3]

The pleadings submitted by Beaman and Sonobe establish that they have at least begun administrative review, and presumably will inform the court as successive levels are completed. Respondent has not challenged their adequacy as class representatives on this

---

[3] The parties have not suggested the creation of subclasses at this juncture. As the Ninth Circuit has noted, the district court is not to bear the burden of constructing subclasses or otherwise correct Rule 23(a) problems; the burden is on petitioners. Hawkins v. Comparet-Cassani, 251 F.3d 1230, 1238 (9th Cir. 2001); Rodriguez, 2010 WL 6394 at *13; Marisol A. v. Giuliani, 126 F.3d 372, 378 (2d Cir. 1997). The court will address the issue of subclasses should the parties indicate such a desire in their subsequent briefing. See Fed. R. Civ. P. 23(c)(1)(C) (certification order may be amended before final judgment is entered); Fed. R. Civ. P. 23(c)(5)(a class may be divided into subclasses when appropriate).

ground, and as such, I conclude that Beaman and Sonobe have sufficiently demonstrated exhaustion for purposes of class certification.

**B.    Rule 23(b).**

For the reasons set forth in the December 3 Order, I conclude that Beaman and Sonobe have satisfied Rule 23(b)(2).

**C.    Class Definition.**

In light of the addition of Beaman and Sonobe as class representatives for claims concerning RRC placements prior to the final months of an inmate's sentence under § 3621(b) and relevant BOP policies, the class definition identified in the December 3 Order is hereby amended and now defined as follows:

> All federal prisoners serving sentences in the District of Oregon who have been denied or will be denied community corrections placement in excess of six months under 18 U.S.C. § 3624(c) and 18 U.S.C. § 3621(b), pursuant to the Bureau of Prisons April 14, 2008 Memorandum, the Bureau of Prisons November 14, 2008 Memorandum, Program Statement 7310.04, Program Statement 5100.08 and 28 C.F.R. § 570.20 et seq.

////

////

////

////

////

////

9 - OPINION AND ORDER

**CONCLUSION**

Based on the foregoing:

1. Larry L. Beaman and Todd Sonobe's Motion to Intervene and be named Class Representatives (#37) is GRANTED;

2. The Opinion and Order (#35) dated December 3, 2009, is AMENDED, and this action shall now proceed as a class action on behalf of:

    All federal prisoners serving sentences in the District of Oregon who have been denied or will be denied community corrections placement in excess of six months under 18 U.S.C. § 3624(c) and 18 U.S.C. § 3621(b), pursuant to the Bureau of Prisons April 14, 2008 Memorandum, the Bureau of Prisons November 14, 2008 Memorandum, Program Statement 7310.04, Program Statement 5100.08 and 28 C.F.R. § 570.20 et seq.

3. Petitioners-Intervenors Larry L. Beaman and Todd Sonobe shall serve as class representatives for the class of persons alleging injuries under RRC placement policies prior to the final months of their sentences pursuant to 18 U.S.C. § 3621(b);

4. Petitioner shall submit an amended Proposed Notice Plan including the class definition as described above within seven days of the date of this order, if such notice is desired.

5. The parties shall confer and submit a proposed briefing schedule for the merits of this action within seven days of the date of this order.

IT IS SO ORDERED.

DATED this _25_ day of January, 2010.

                                          _/s/  Malcolm F. Marsh_____
                                          Malcolm F. Marsh
                                          United States District Judge